**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                          No. 96-4398

BRYANT KEITH CHISHOLM,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-95-238)

Submitted: March 27, 1997

Decided: April 8, 1997

Before RUSSELL, LUTTIG, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Timika
Shafeek, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bryant Chisholm appeals his convictions on two counts of making a false statement in connection with the purchase of a firearm (18 U.S.C. § 922(a) (1994)) and two counts of unlawful possession of a firearm (18 U.S.C. § 922(g) (1994)). Chisholm claims that the evidence used to support his conviction was obtained in violation of his Fourth Amendment rights and, therefore, was "fruit of the poisonous tree." We affirm.

Chisholm was stopped by Asheboro police on January 19, 1995, for allegedly running a stop sign. The officer noticed a firearm under Chisholm's seat and placed him under arrest. Knowing that Chisholm was a convicted felon, the local authorities reported the gun (a 9 mm pistol) to Agent Ernest Driver of the Bureau of Alcohol, Tobacco, and Firearms. In the course of his investigation, Driver learned that Chisholm had purchased two firearms (a .30 caliber M1 carbine rifle and a MAK 90 rifle) in the fall of 1993 and that Chisholm had falsely stated on the ATF Form No. 4473 that he had not been convicted of a felony.

Chisholm was indicted in September 1995 on two counts of making a false statement in the acquisition of a firearm (the two rifles) and one count of being a felon in possession of a firearm (the 9 mm pistol). Chisholm filed a motion to suppress arguing that the police officer did not have probable cause to conduct the vehicle stop. The district court agreed, and suppressed the pistol found in Chisholm's car.

The government then filed a superseding indictment charging Chisholm again with the two counts of making a false statement in connection with the purchase of the two rifles, and two counts of being a felon in possession of those rifles. Chisholm's renewed motion to

2

suppress was denied by the district court which found that the evidence related to Driver's investigation was sufficiently free of any taint from the traffic stop. Chisholm was convicted on all four counts and noted this timely appeal.

We review de novo the district court's legal conclusions in ruling on Chisholm's motion to suppress; the factual findings underlying those conclusions are reviewed for clear error. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The question, in determining whether evidence is tainted by an illegal search, is whether the evidence was obtained through exploitation of the prior illegal conduct, or whether there was sufficient attenuation between the illegality and the consent as to dissipate the taint. Wong Sun v. United States, 371 U.S. 471, 491 (1963). Chisholm contends that, if not for the illegal stop, Driver would never have begun his investigation. However, Driver's investigation took place independently of the illegal stop and the Asheboro police were uninvolved. Accordingly, we find the evidence sufficiently attenuated from the traffic stop and affirm the district court's order denying Chisholm's motion to suppress. See United States v. Ceccolino, 435 U.S. 268, 276 (1978) ("Even in situations where the exclusionary rule is plainly applicable, we have declined to adopt a `per se' or `but for' rule that would make inadmissible any evidence . . . which somehow came to light through a chain of causation that began with an illegal arrest.")

Chisholm has also filed a pro se motion for bail or, alternatively, to remand this case to the district court so that he may present his claim that his convictions should be overturned because his conduct was not illegal under the North Carolina Felony Firearm Act. We find Chisholm's claims without merit and accordingly deny the motion.

Chisholm's convictions are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED